# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL EDWARDS,           )
                                     )
           **Plaintiff,**       )
                                     )
**vs.**                              )     **CIVIL NO. 09-cv-292-MJR**
                                     )
**DR. OBADINA, *et al.*,**      )
                                     )
          **Defendants.**    )

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate currently confined at the Danville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007).  A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, No. 08-4286, 2009 WL 2535731, at *5 (7th Cir. Aug. 20, 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, No. 06-4260, 2009 WL 2498580, at *2 (7th Cir. Aug. 18, 2009).

## THE COMPLAINT

Plaintiff was attacked by another inmate on December 6, 2008.  During that attack, Plaintiff's nose was broken.  After the attack, Plaintiff was taken to the medical unit and examined by the nurse who informed Plaintiff that "there was nothing she could at the present time for him."  On December 11, 2008, Plaintiff was examined by Defendant Obadina who ordered x-rays be taken.  The x-rays confirmed that Plaintiff's nose was "broken badly." Defendant Obadina initially informed Plaintiff that he would refer Plaintiff to an outside hospital so that Plaintiff's nose could be surgically repaired.  A few days later, however, Dr. Obadina informed Plaintiff that he would not be having surgery performed on the broken nose because Dr. Obadina had concluded that the damage was "cosmetic only."  Plaintiff claims that the damage is not merely cosmetic and that he has difficulty breathing and sleeping.  Plaintiff also states that the nose causes him pain.  Plaintiff claims that he is being denied adequate medical

2

care for his broken nose by Defendant Obadina in violation of his Eighth Amendment rights.

<u>DISCUSSION</u>

Deliberate indifference to serious medical needs of prisoners may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

> A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A deliberate indifference claim premised upon inadequate medical treatment requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno*, 414 F.3d at 653. The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk." *Id.*; *Farmer*, 511 U.S. at 834. Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Greeno*, 414 F.3d at 653; *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996). Still, a plaintiff's receipt of some medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" a medical condition. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (citation omitted).

*Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007).

Based on the allegations of the complaint, Plaintiff has not alleged facts indicating deliberate indifference by Defendant Obadina. After the fight with the other inmate, Plaintiff was examined by Defendant Obadina who ordered x-rays and rendered his opinion that the damage was cosmetic. Plaintiff may be dissatisfied with the treatment he received, but as noted above, disagreement with a doctor over treatment does not rise to the level of a constitutional

3

violation.  Nothing in the complaint suggests that Dr. Obadina's decision is so blatantly
inappropriate as to evidence intentional mistreatment.

Plaintiff's complaint also appears to assert claims concerning Plaintiff's custody level or
confinement that are not related to his medical care.  Plaintiff, however, does not allege how
Defendant Obadina is personally and directly responsible for Plaintiff's custody level or the
conditions of his confinement (beyond medical care).  Therefore, these claims are also
dismissed.

### DISPOSITION

In summary, Plaintiff's complaint does not survive review under § 1915A.  Accordingly,
this action is **DISMISSED** with prejudice.  Plaintiff is advised that the dismissal of this action will
count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  All
pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED this 6th day of November, 2009.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**