IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL EDWARDS,** <br> No. R69113 , <br><br> Plaintiff, <br><br> vs. <br><br> **DR. OBADINA,** <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 09-cv-00292-MJR <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

      Plaintiff Michael Edwards, an inmate in the custody of the Illinois Department of Corrections, brought suit in April 2009 alleging that, while he was housed at Pinckneyville Correctional Center, Dr. Obadina was deliberately indifferent to Plaintiff's serious medical needs (Doc. 1). The complaint underwent a preliminary review pursuant to 28 U.S.C. § 1915A and was dismissed with prejudice in November 2009, because Plaintiff failed to state a claim upon which relief could be granted (Doc. 7). More specifically, the complaint described a mere difference of opinion regarding diagnosis and treatment of Plaintiff's broken nose, rather than deliberate indifference, which is required for liability under the Eighth Amendment. Plaintiff appealed and the dismissal was affirmed by the Court of Appeals for the Seventh Circuit. *Edwards v. Obadina*, No. 09-3988 (7th Cir. March 14, 2011) (Doc. 51 in the district court case).

      More than two years after the appellate court affirmed the dismissal of the action, Edwards is before the Court pursuant to Federal Rules of Civil Procedure 60(b)(2) and (3), seeking to set aside the original judgment (Doc. 52). Edwards contends that it was error for the district court to dismiss his complaint with prejudice, depriving him of the opportunity to file an

amended complaint. Edwards wants an opportunity to plead additional facts regarding Dr. Obadina, and additional allegations and claims against a correctional officer who was not named as a defendant in the original complaint.

Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; newly discovered evidence that could not have been discovered within the 28–day deadline for filing a Rule 59(b) motion; a judgment that is void or has been discharged; or for any other reason that justifies relief. However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.,* 214 F.3d 798, 801 (7th Cir. 2000) ("A collateral attack on a final judgment is not a permissible substitute for appealing the judgment within the time, standardly 30 days, for appealing the judgment of a federal district court."); *Parke–Chapley Constr. Co. v. Cherrington,* 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence, especially where the FRCP 60(b) motion is filed after the time for appeal has expired").

Rule 60(c)(1) prescribes that a Rule 60(b) motion be filed with "a reasonable time," Insofar as Edwards specifically relies upon Rules 60(b)(2), based on newly discovered evidence, and (3), based on fraud, misrepresentation or misconduct by an opposing party, those grounds must be presented "no more than a year after entry of the judgment." *Even* if the time the case was pending on appeal is discounted, Plaintiff's motion is untimely. It is unreasonable to wait two years to move to amend the complaint. The applicable statute of limitations for a

Section 1983 constitutional tort claim arising in Illinois is two years. *See Wallace v. Kato,* 549 U.S. 384, 387 (2007); *Turley v. Rednour,* 729 F.3d 645, 651 (7th Cir.2013).

Furthermore, Plaintiff does not explain what his newly discovered evidence is, or describe the fraud, misrepresentation or misconduct Dr. Obadina or the unidentified correctional officer would have had to have committed for Plaintiff to qualify for relief under Rules 60(b) (2) and (3). Consequently, Edwards' motion is baseless.

In any event, Edwards' motion is barred by the doctrine of *res judicata*—the preclusive effect of the judgment entered dismissing this action with prejudice. The doctrine of *res judicata* "promotes predictability in the judicial process, preserves the limited resources of the judiciary, and protects litigants from the expense and disruption of being haled into court repeatedly." *Palka v. City of Chicago,* 662 F.3d 428, 437 (7th Cir. 2011). *Res judicata* (or claim preclusion) has three elements: (1) an identity of the parties or their privies in the first lawsuits; (2) an identity of the cause of action; and (3) a final judgment on the merits in the first suit. *Matrix IV,Inc. v. American National Bank and Trust Co. of Chicago*, 649 F.3d 539, 547 (7th Cir. 2011). Whether there is an identity of the cause of action depends on "whether the claims comprise the same core of operative facts that give rise to a remedy." *Id.* (internal quotation marks omitted) (alteration omitted).

Relative to the original complaint, the district court's dismissal of the action with prejudice was affirmed by the appellate court and, therefore, will not be disturbed. Plaintiff could have argued on appeal that it was error to dismiss the action with prejudice and without giving him an opportunity to amend the complaint, but he did not do so. Furthermore, there is no right to amend a complaint that fails as a matter of law. What the complaint stated Dr. Obadina had done or not done simply did not fall within the ambit of the Eighth Amendment.

Insofar as Plaintiff Edwards now, belatedly, wants to present new facts and claims regarding Dr. Obadina, a narrower preclusion doctrine—"collateral estoppel" or "issue preclusion"—applies to prevent relitigation of issues resolved in an earlier suit. *Matrix IV,* 649 F.3d at 547. Issue preclusion has the following elements: (1) the issue sought to be precluded is the same as an issue in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; (3) the determination of the issue must have been essential to the final judgment; and (4) the party against whom estoppel is invoked must have been fully represented in the prior action. *Matrix IV,* 649 F.3d at 547. Dr. Obadina's diagnosis and treatment decisions were decided by the original ruling and cannot be renewed or expanded.

Any other factual allegations and claims Plaintiff wants to present against Dr. Obadina and the unidentified correctional officer may, theoretically, be brought in a new lawsuit. However, as already mentioned, there is a two-year statute of limitations, which would likely bar any such new claims.

Put more succinctly, this case is <u>closed</u> and will <u>not</u> be reopened.

**IT IS HEREBY ORDERED** that, for all of the reasons stated, Plaintiff Edwards motion (Doc. 52) is **DENIED** in all respects. Accordingly, Edwards' motions for "status" (Docs. 54-56) are **DENIED AS MOOT**. Further frivolous attempts to reopen this case will result in monetary sanctions.

**IT IS SO ORDERED.**

**DATED:  March 4, 2014**

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
UNITED STATES DISTRICT JUDGE